## DAHL v. SALT LAKE CITY.

No. 2587.   Decided March 26, 1915 (147 Pac. 622).

1. MUNICIPAL CORPORATIONS—ACTIONS—CONDITIONS PRECEDENT—NO-
   TICE—STATUTE.   Under Comp. Laws 1907, section 312, provid-
   ing that every claim against an incorporated city or town,
   other than claims for damages caused by defective streets,
   must be properly presented to the city council within one year
   after the last item of such claim accrued, etc., and under sec-
   tion 313, providing that it shall be a bar to any action or pro-
   ceeding against a city or town for the collection of any such
   claim that such claim was not so presented, where plaintiff
   sued for damages to his crops caused by seepage of water
   from defendant city's canal, admitting that he had presented
   no claim for damages within a year, he had no cause of ac-
   tion.[1]   (Page 546.)

2. MUNICIPAL CORPORATIONS—ACTIONS AGAINST—POWER OF LEGISLA-
   TURE.   The Legislature by statute may prescribe conditions
   upon which suits may be brought and maintained against a
   municipality.   (Page 546.)

STRAUP, C. J., dissenting.

Appeal from District Court, Third District; *Hon. T. D.
Lewis,* Judge.

Action by Eric Dahl against Salt Lake City, a municipal
corporation.

Judgment for plaintiff.   Defendant appeals.

REVERSED with directions to dismiss.

*H. J. Dininny,* City Attorney, and *Aaron Meyers* and *W. H.
Folland,* Asst. City Attys., for appellant.

*Cheney, Jensen & Holman* for respondent.

---

[1] Distinguishing *Brown* v. *Salt Lake City,* 33 Utah 222; 93 Pac.
570; 14 L. R. A. (N. S.) 619; 126 Am. St. Rep. 828; 14 Ann. Cas.
1004.

## STATEMENT OF FACTS.

Plaintiff brought this action to recover damages for injuries to his crops alleged to have been caused by seepage water from defendant's canal arising on his land and on other lands farmed by him. The complaint, which contains several causes of action, was filed August 21, 1912. It is alleged, among other things, that Salt Lake City, in the years 1908, 1909, 1910, and 1911, owned and operated a certain carrying canal known as the Jordan and Salt Lake City Canal, which extended from a point on the Jordan River, in the southern part of Salt Lake County, in a northerly direction into Salt Lake City, and in its course extended along a side hill or slope above and near certain premises owned and in the possession of the plaintiff; that defendant negligently permitted willows, brush, and weeds to grow along and upon the lands and bed of said canal where said canal passes above the lands mentioned, and "negligently allowed the channel of said canal to become filled with sediment, and negligently and carelessly attempted to use the said canal for the carriage of a larger flow of water than the said canal was capable of carrying in a safe and proper manner, * * * and in consequence the flow of water was raised and flowed in contact with the upper and porous sections of the banks of said canal, * * * and large quantities of water seeped and percolated through the upper and porous sections of the lands of said canal nearest to, above, and adjacent to said parcels of land, and saturated and flooded the aforesaid land, whereby plaintiff's crops" of hay, grain, potatoes, and sugar beets growing thereon were destroyed, rendered worthless, and incapable of harvest, etc. Defendant demurred to the complaint on the grounds:

"(1) That said complaint does not state facts sufficient to constitute a cause of action; (2) that it appears upon the face thereof that said cause of action is barred by the provisions of sections 312 and 313, Compiled Laws of Utah 1907."

The demurrer was overruled. Defendant answered, admitting the existence and the city's ownership of the canal as alleged in the complaint, but denied the acts of negligence therein alleged, and affirmatively alleged:

''That no claim for the damages and loss alleged to have occurred to the plaintiff was presented  *  *  *  to the city council of Salt Lake City,  *  *  *  as required by section 312, Compiled Laws of Utah 1907, and that said  *  *  * action is therefore barred, as provided in section 313,  *  *  * by such failure on the part of the plaintiff so to present his claim.''

In his reply plaintiff ''admits that no claim for damages or loss was presented, properly described, and verified by plaintiff or his agent to the city council of Salt Lake City within one year after the last item of said claim accrued, alleges that presentation of such claim to the city council is not required by section 312, Compiled Laws.''

The cause was tried to a jury and a verdict was rendered in favor of plaintiff. Defendant appeals.

McCARTY, J. (after stating the facts as above).

It is contended on behalf of the city that the claims, the subject-matter of the action, come within Comp. Laws 1907, section 312, and, as the reply of plaintiff admits that no claim for damages was filed with the city authorities,    1, 2 as required by that section, the action is barred by the provisions of Comp. Laws 1907, section 313. On the other hand, it is vigorously contended by respondent that the action does not come within the purview of section 312, and hence is not barred by section 313, *supra*. In support of the latter contention the case of *Brown* v. *Salt Lake City*, 33 Utah 222; 93 Pac. 570; 14 L. R. A. (N. S.) 619; 126 Am. St. Rep. 828; 14 Ann. Cas. 1004, is cited and mainly relied on. That was an action for damages arising out of the death of a person, which damages were suffered by a third party. This court, construing the statute with reference to the facts of the *Brown* case, speaking through Mr. Justice Frick, said:

"A claim included within the statute is one pertaining to a personal injury or damage to property, and must be presented [quoting from the statute] 'within ninety days after the happening of such injury or damage.' In an action to recover damages for negligently causing the death of one, a presentation of a claim is not required, for the right of action does not arise until the injury results in death. While the injury may be said to be the cause of

death, the injury without death would not give a right of action such as we are now considering. * * * The words 'or damages' relate to the damages that arise immediately out of the injury to the party or to his property, and not to such as may be sustained by a third person as a secondary result, although caused by the original injury. * * * We are firmly of the opinion that it was not the intention of the Legislature to include within the statute secondary claims or damages arising out of death, which are suffered by third parties by reason of such death" (citing cases).

It will thus be observed that the *Brown* case is clearly distinguishable from the case at bar. In fact, what is there said seems to support the contention here made on behalf of the city, rather than the position taken by respondent. Furthermore, since the happening of the accident (September 25, 1904) out of which the *Brown* case arose, sections 312 and 313 have been amended (see chapter 5, Sess. Laws 1905, p. 5), and their scope, if not materially broadened and enlarged respecting claims for damages that must be presented to the city or town authorities before an action thereon can be maintained, has at least been made more clear and certain in that regard. Section 312, so far as material here, provides that:

"Every claim against an incorporated city or town for damages or injury alleged to have been caused by the defective, unsafe, dangerous, or obstructed condition of any street, alley, crosswalk, sidewalk, culvert, or bridge of any such city or town, or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk, sidewalk, culvert, or bridge, shall, within thirty days after the happening of such injury or damage, be presented to the city council of such city, or board of trustees of such town, in writing, signed by the claimant or by some person by claimant authorized to sign the same, and properly verified, stating the particular time at which the injury happened, and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the said injury or damages, * * * and no action shall be maintained against any city or town for damages, or injury to person or property, unless it appears that the claim for which the action was brought was presented as aforesaid

to the city council or the board of trustees of the town, and that such council or board did not within ninety days thereafter audit and allow the same. *Every claim, other than claims above mentioned,* against any city or town, must be presented, properly itemized or described and verified as to correctness by claimant or his agent, to the city council or board of trustees within one year after the last item of such account or claim accrued, and if such account or claim is not properly or sufficiently itemized, or described or verified, the city council or board of trustees may require the same to be made more specific as to the itemization or description, or to be corrected as to the verification thereof."

Section 313 provides that:

"It shall be a sufficient bar and answer to any action or proceeding against a city or town, in any court, for the collection of any claim mentioned in section 312, that such claim had not been presented to the city council of such city, or to the board of trustees of such town, in the manner and within the time in section 312 specified; *provided,* that in case an account or claim, other than a claim made for damages on account of the unsafe, defective, dangerous, or obstructed condition of any street, alley, crosswalk, way, sidewalk, culvert, or bridge, is required by the council or board to be made more specific as to itemization or description, or to be properly verified, sufficient time shall be allowed the claimant to comply with such requirement."

The parts italicized were, with other matter, incorporated into the statute by the amendment mentioned. It will be noticed that the statute is comprehensive and sweeping in its terms respecting the claims that must be presented to the city council before an action can be brought and successfully maintained thereon. These claims are divided into two classes: One class consists of claims "for damages or injury alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or bridge," which must be presented "within thirty days after the happening of such injury or damage." The other class consists of *"every claim,* other than the claims above mentioned," and must be presented, properly itemized

or described, etc., within one year after the last item of such "account or claim" accrued. The important question here presented is, Do the claims in the case at bar come within the class last mentioned? We are clearly of the opinion that they do. That the Legislature may, by statute, prescribe conditions upon which suits may be brought and maintained against a municipality is conceded. It being admitted that the claims here involved were not presented to the city authorities within the time fixed by section 312, it necessarily follows that the action is barred by section 313 and cannot be maintained. The case is therefore reversed, with directions to the district court to vacate the judgment and dismiss the action. Costs to appellant.

FRICK, J.

I concur. Since the cause of action which was passed on in *Brown* v. *Salt Lake City* arose, the statute providing for notice to the city has been amended. True, as pointed out by Mr. Justice STRAUP in his dissenting opinion, the changes made in the statute are not great. In my judgment, however, the changes are such as prevent the decision in the *Brown* case from controlling the decision in this case. One cannot read and compare the old form of the statute with the amended form without being forced to the conclusion that the Legislature intended to effect some change. While it is true that the principal changes refer to the first part of section 312, yet it is manifest that some changes were also made in that part which affects actions other than those mentioned in the first part of the section, all of which come within the provision requiring ninety days' notice. If the Legislature intended that no change should be effected with respect to those claims against a city where notice must be given within one year, why did they amend that portion of the section at all? It is quite true that in merely revising laws, as held in *Warren* v. *Davis,* 43 Ohio St. 447; 3 N. E. 301, the construction placed upon a statute before revision will prevail thereafter unless the changed language requires a different construction. Ordinarily, however, it cannot be assumed that by merely revising statutes, or by condensing the language into

Dahl v. Salt Lake City, 45 Utah 544.

codified form, any change of meaning was effected or intended. But is that also true where, as here, an existing statute has, by a later act of the Legislature, been amended and changed in.phraseology? Where such is the case I conceive it to be my first and highest duty to ascertain the meaning and purpose of the statute as effected by the amendment and to give full force and effect to such changes, if any are made. As the statute stood when the cause of action in the *Brown* case arose, there was nothing to indicate that a notice was required, except in the cases and under the circumstances we pointed out in that case. Since the cause of action in that case arose, however, an amendment has been made in the very statute we then construed. In the opinion of Mr. Justice STRAUP no change was effected by the amendment, while in my judgment a change was effected, and the change as made requires that a notice must now be given in claims like the one at bar. In the *Brown* case it was clear to us that claims arising out of torts other than those mentioned in the first part of section 312 did not require notice, for the reason that such claims fell neither within the provisions of the first nor within those of the second part of said section. Is that still true? I think not. I now think that in giving all that was said in the amendment of 1905 full force and effect, as I must, the statute now provides that in claims arising out of torts other than those which come within the ninety days' notice clause notice must now be given within one year. Nor can I see wherein that requirement is unreasonable or impractical. But be that as it may, all I have a right to inquire into as a member of this court is, What was the intention of the Legislature in adopting the law? I cannot escape the conviction that in enacting the amendment of 1905 the Legislature intended that a notice should be given within one year in a case like the one before us, and in view that no such notice was given the action cannot be maintained.

STRAUP, C. J. (dissenting).

I do not concur in this. Laws 1903, chap. 19, section 1, amending Rev. St. 1898, section 312, provided:

"All claims against a city or town for damages or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or bridge of such city or town, or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk, sidewalk, culvert or bridge, shall, within ninety days after the happening of such injury or damage, be presented to the city council of such city or board of trustees of such town, in writing, signed by the claimant or by some authorized person, and properly verified, describing the time, place, cause and extent of the damage or injury; and no action shall be maintained against any city or town as aforesaid, for injuries to person or property, unless it appears that the claim for which the action was brought was presented to the council as aforesaid, and that the council or board did not, within ninety days thereafter, audit and allow the same. Every other claim against the city or town must be presented to the city council or board of trustees, as the case may be, within one year after the last item of the account or claim accrued. Such claims must be verified, as to their correctness, by the claimant or his authorized agent. If the city council or board of trustees shall refuse to hear or consider a claim because not properly made out, notice thereof shall be given the claimant, and sufficient time allowed him to have the claim properly itemized or verified."

Section 313:

"It shall be a sufficient bar and answer to any action or proceeding against a city or town, in any court, for the collection of any claim mentioned in section 312, that such claim had not been presented to the city council of such city, or to the board of trustees of such town, in the manner and within the time in section 312 specified."  ·

These were before us in the case of *Brown* v. *Salt Lake City,* 33 Utah 222; 93 Pac. 570; 126 Am. St. Rep. 828; 14 Ann. Cas. 1004. Here is what we then said about them:

"It will be observed the claims that require presentation are of two kinds: (1) Claims arising out of defective or obstructed streets, alleys, crosswalks, sidewalks, culverts, or bridges, or for negligence of the city authorities with respect thereto; (2) claims

consisting of various items of account or otherwise that may arise out of transactions with the city, and not arising in tort. This seems manifest from the language used with respect to the character of the claims that must be presented to the city council under the second class mentioned in the statute. It seems reasonably clear to us that in view of the case of *Dawes* v. *City of Great Falls*, 31 Mont. 9; 77 Pac. 309, the claim in this case does not belong to the class last above noticed."

We thus expressly decided that the second class did not include claims arising out of tort; and, as the claim there was such a claim, that it did not fall within that class. We then proceeded to show that it did not fall within the first class, claims arising from a defective condition of any street, sidewalk, bridge, etc. The quoted language from the *Brown* case in the prevailing opinion is language which was used to show that the claim did not fall within the first class; that is, though the claim was one arising out of tort, yet was not of the class of torts enumerated in the first class. Thus a reading of the opinion clearly shows our holding to be that the claim, being one arising out of tort, did not require presentation under the second class because that class related to claims "not arising in tort," and, though it arose out of tort, nevertheless, did not require presentation under the first class, because it was not of the class of torts enumerated in that class, and hence required no presentation. To now say that we in the *Brown* case held that the claim did not require presentation because it was one for damages for negligent or wrongful death is, in my judgment, not reflecting the true meaning of that decision. True that, with other reasons, was given to show that the claim was not of the class of torts enumerated in the first class. But we did not hold that the claim did not require presentation under the second class because it was one for damages for wrongful or negligent death, but expressly on the ground that it arose out of tort, and that the second class did not include claims "arising in tort."

The Legislature in 1905 amended the Laws of 1903. As amended they read:

"Every claim against an incorporated city or town for damages or injury alleged to have been caused by the defec- ·

tive, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert, or bridge of such city or town, or from the negligence of the city or town authorities in respect to any such street, alley, crosswalk, sidewalk, culvert, or bridge shall, within thirty days after the happening of such injury or damage, be presented to the city council of such city, or board of trustees of such town, in writing, signed by the claimant or by some person by claimant authorized to sign the same, and properly verified, stating the particular time at which the injury happened, and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the said injury or damages, and stating, if known to claimant, the name of the person, firm, or corporation, who created, brought about, or maintained the defect, obstruction, or condition causing such accident or injury, and also stating the nature and probable extent of such injury, and the amount of damages claimed on account of the same; such notice shall be sufficient in the particulars above specified to enable the officers of such city or town to find the place and cause of such injury from the description thereof given in the notice itself without extraneous inquiry, and no action shall be maintained against any city or town for damages or injury to person or property, unless it appears that the claim for which the action was brought was presented as aforesaid to the city council or the board of trustees of the town, and that such council or board did not within ninety days thereafter audit and allow the same. Every claim, other than claims above mentioned, against any city or town, must be presented, properly itemized or described and verified as to correctness by claimant or his agent, to the city council or board of trustees within one year after the last item of such account or claim accrued, and if such account or claim is not properly or sufficiently itemized, or described or verified, the city council or board of trustees may require the same to be made more specific as to the itemization or description, or to be corrected as to the verification thereof.''

Section 313:

"It shall be a sufficient bar and answer to any action or proceeding against a city or town, in any court, for the collection of any claim mentioned in section 312, that such claim had not been presented to the city council of such city, or to the board of trustees of such town, in the manner and within the time in section 312 specified; provided, that in case an account or claim, other than a claim made for damages on account of the unsafe, defective, dangerous or obstructed condition of any street, alley, crosswalk, way, sidewalk, culvert or bridge, is required by the council or board to be made more specific as to itemization or description, or to be properly verified, sufficient time shall be allowed the claimant to comply with such requirement."

It is thus seen that the amendments chiefly relate to what we, in the *Brown* case, denominated "claims of the first class," those relating to a defective condition of streets, sidewalks, bridges, etc. A comparison of the two shows a marked change in such particular. But we are not concerned with that. It is not contended that the claim here required presentation under that class. The contention made is that it required presentation under what we, in the *Brown* case, denominated "the second class." To show what change was made in such particular I parallel the two acts:

| 1903. | 1905. |
|---|---|
| "Every other claim against the city or town must be presented to the city council or board of trustees, as the case may be, within one year after the last item of the account or claim accrued. Such claims must be verified, as to their correctness, by the claimant or his authorized agent." | "Every claim, other than claims above m e n t i o n e d against any city or town must be presented properly itemized or described and verified as to the correctness by claimant or his agent, to the city council or board of trustees within one year after the last item of such account or claim accrued." |

Now, if the language of the 1903 act, and as we in the *Brown* case held, did not include claims arising out of tort,

I do not well see how the language of the act of 1905 includes such claims. There is but a slight difference in phraseology as to this. The former is, "Every other claim against the city or town must be presented," etc.; the latter, "Every claim, other than claims above mentioned against any city or town must be presented," etc. The former required the claims to "be verified as to their correctness"; the latter, "properly itemized or described and verified as to the correctness." Both use the words "account or claim," and "after the last item of the account or claim accrued," language applicable to claims *ex contractu* but not *ex delicto,* and which usually in the cases is pointed to, to show that such statutes as these refer to the former, but not to the latter, claims. It is not apt to speak of a "last" or first "item" of a tort, nor may it well be "itemized or described." With but the slight difference of phraseology—"every other claim" and "every claim other than claims above mentioned," language which, in substance, expresses the same thought—it seems to me a most liberal, if not a strained, construction to hold that the act of 1903 was so amended as to include claims of every description growing out of any and all delicts and torts. As to this I think the case of the *City of Warren* v. *Davis,* 43 Ohio St. 447; 3 N. E. 301, apposite. There the court, quoting from prior decisions of that jurisdiction, said:

"Where an act of the Legislature, or several acts *in pari materia,* have undergone revision, the same construction will prevail as before revision, unless the language of the new act plainly requires a change of construction, to conform to the manifest intent of the Legislature. Neither an alteration in phraseology nor the omission or addition of words in the latter statute necessarily requires a change of construction. The intent to give to the new act a different effect from the old should be clearly manifested."

If here the Legislature intended to so enlarge the statute, which we held did not require presentation of claims growing out of tort, as now to include claims growing out of all delicts, wrongs, and torts of every description, then such intent ought to have been "clearly manifested," and such language employed in the new act as plainly to "require a change of con-

struction.'' I do not think from the slight difference of phraseology such an intent manifest, or that the new language requires such a change of construction. The claim confessedly is one growing out of tort, and therefore I think it did not require presentation.