## NELSON v. LOGAN CITY.

No. 6478.   Decided March 30, 1943.   (135 P. 2d 259.)

*Gaylen S. Young,* of Salt Lake City, for appellant.

*M. C. Harris,* of Logan, for respondent.

MOFFAT, Justice.

This is an appeal from an order sustaining the demurrer to and dismissing the complaint of plaintiff. Plaintiff, the father and sole heir of his daughter Rhoda, aged 19, brought this action for damages against the defendant Logan City alleging that she met instant death as the result of an accident which occurred while she was riding as a guest in an automobile driven by Dennis Wight in the late evening of July 17, 1938; that the car in which she was riding, while proceeding in a southerly direction on Main Street at the southern city limits of Logan City, collided with the north end of the west upright of a cement bridge over the Logan River; and that the accident and resulting death were caused by the negligence of defendant city in failing, refusing and neglecting to exercise ordinary care and diligence to apprise the "traveling public of the dangerous bridge by placing signs and signals, or other safeguards and warnings, at a reasonable distance away" from the bridge.

It is further alleged that a previous action was brought in the same court, the First Judicial District in and for Cache County, in April, 1939, and on November 17, 1939, after plaintiff rested, the trial court granted a motion for non-suit and dismissed the complaint in that action.

Defendant city demurred to the complaint in the action at bar on the grounds (1) of insufficiency of the facts to state a cause of action, (2) that the complaint fails to allege the filing of a claim with the city within thirty days from the happening of the damage as required by Sec. 15-7-76, R. S. U. 1933, and (3) that it affirmatively appears

from the complaint that the accident was proximately caused by the negligence of the driver of the automobile.

The demurrer was overruled, defendant answered at length, and subsequently the following stipulation was entered into by the parties:

"It is hereby stipulated that in the interest of saving expense of trial that the Court may first determine the issue of whether or not it was necessary for the plaintiff to file a claim against Logan City before bringing the action set forth in the complaint pursuant to the provisions of Section 15-7-76 Revised Statutes of Utah 1933, and in this connection a stipulation of fact is hereby made as follows:

"That the accident upon which this complaint is based occurred on the 17th day of July, 1938 at the hour of about 11:00 o'clock P. M. That the accident occurred by reason of alleged defective, unsafe and dangerous condition of a highway and bridge and the alleged negligence of the City and town authorities with respect to their failure to give notice or warning of defective, unsafe, dangerous condition of a highway or bridge alleged to be within Logan City, and that as a result of such accident plaintiff's daughter, Rhoda Nelson, met instant death. That on April 15, 1939, a letter was written to Logan City, and the Board of City Commissioners thereof by Gaylen S. Young, attorney for an on behalf of plaintiff, a copy of which letter is attached hereto. That no other written claim of any kind was ever filed with any officer of Logan City by G. A. Nelson or on his behalf and that this action was first commenced in the District Court of the First Judicial District of the State of Utah on the 28th day of April, 1939."

After taking the matter under advisement, the trial court entered the following written opinion and order:

"Upon a stipulated statement of facts for the purpose of securing a ruling of this Court and of the Supreme Court upon the question of law raised by the demurrer of defendant, counsel ask the Court to consider the ruling of the former judge on the questions raised.

"The courts have rather uniformly held that a local government functioning strictly in its sovereign governmental capacity is not subject to liability for injury or death arising from the negligence of its officers or employees except to the extent that the legislature, by statute, provides. When the legislature provides for such liability the state determines the extent of the liability and the conditions precedent to liability and before an injured party has any standing in court he must allege and prove that he has brought himself within the provisions of the statute.

"Where the functions of the local government are proprietary or private and are not governmental in nature, the municipality is liable in the same manner and to the same extent as any private individual for injuries arising from the negligence of its officers and employees.

"The courts also have very generally held that the operation of streets is a function of a municipality in its governmental capacity.

"Counsel for plaintiff cites the case of *Brown* v. *Salt Lake City* [33 Utah 222] 93 P. 570 [14 L. R. A., N. S., 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004], as holding that in the case of death no claim need be filed with the city as provided by Section 15-7-76 of the Revised Statutes of Utah 1933. In the opinion of the Court that case definitely decided one thing and that being the operation and maintenance of the water system which was involved in that case was a proprietary function as distinguished from a public or governmental function, and would not be controlling in the present instance.

"Whether the section referred to is meant to extend to cases of death or merely to immediate personal injuries or damage to property need not be decided. If it does extend to death cases, then the plaintiff is without redress for he has admittedly not complied with the conditions precedent to bringing the action. If the section does not extend to cases of death then, likewise, the plaintiff is without standing in court for he is attempting to recover damages for injuries arising out of alleged negligence of the officers.

"While it is apparent that the courts are desirous of breaking away from the distinctions between proprietary and governmental functions and affording relief from negligence of municipal officers and employees, the question has finally been put to rest in our state. See concurring opinion of Mr. Justice Wolfe [*Niblock* v. *Salt Lake City,* 100 Utah 573] 111 P. 2d 800.

"In view of the foregoing it is the opinion of the court that the order overruling defendant's demurrer should be set aside and the demurrer sustained, with ten days after notice to amend if desired, and it is so ordered."

Appellant elected to stand on his complaint, and brought this appeal from the above order and judgment. Appellant contends that this case, involving a death resulting from injuries sustained, does not fall within the provisions of the statute, Sec. 15-7-76, R. S. U. 1933, requiring the filing of a verified claim within thirty days from the date of the injury complained of, and relies upon the case of *Brown* v. *Salt Lake City,* 33 Utah 222, 93 P. 570, 14 L. R. A., N. S., 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004. Also, *Webber*

v. *Salt Lake City*, 40 Utah 221, 120 P. 503, 37 L. R. A., N. S., 1115, but this latter case does not support his contention, is not in point, and may be disregarded.

The trial court is in error in its statement above quoted that,

"If the section does not extend to cases of death then, likewise, the plaintiff is without standing in court for he is attempting to recover damages for injuries arising out of alleged negligence of the officers."

The stipulation of facts, above quoted, states directly,

"That the accident occurred by reason of alleged defective, unsafe and dangerous condition of a highway and bridge and the alleged negligence of the City and town authorities with respect to their failure to give notice or warning of defective, unsafe, dangerous condition of a highway or bridge alleged to be within Logan City."

This language brings the case directly within the first class of claims referred to and enumerated in the statute and as outlined and discussed in the case of *Brown* v. *Salt Lake City,* supra, under the old statute, and as further discussed in the later case of *Niblock* v. *Salt Lake City,* 100 Utah 573, 111 P. 2d 800, under the statute as it was amended and has existed since 1905.

We come now to a consideration of the Brown case, supra, inasmuch as our opinion requires that that case be distinguished from the case at bar on the facts as well as in the light of Secs. 312 and 313, Chap. 19, Laws Utah 1903, the claims statute construed in that case, as amended by Chap. 5, Laws Utah 1905, and carried into Secs. 15-7-76 and 15-7-77, R. S. U. 1933, governing the case at bar.

In the Brown case, plaintiff recovered damages from Salt Lake City for the death of a minor child, "alleged to have been caused through the negligence of the defendant in failing to guard the entrance into a certain waterway or conduit constructed and maintained by it." [33 Utah 222, 93 P. 571, 14 L. R. A., N. S., 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004]. After stating the facts, which should be care-

fully noted in contrast to the facts in the instant case, this court, speaking through Mr. Justice Frick, states, and for convenience we quote quite at length:

"Referring to the first reason stated, the record discloses that the plaintiff neither alleged nor proved the presentation of a claim to the city council. Counsel for the city assert that she was required to allege and prove such presentation as a condition precedent to her right of recovery. The statute in force at the time of the accident, so far as material, provides as follows: '*All claims* against a city or town *for damages or injury* alleged to have arisen from *the defective, unsafe, dangerous or obstructed condition* of any street, alley, cross-walk, sidewalk, culvert or bridge of any city or town, *or through the negligence of the city or town authorities* in respect to any such street, alley, cross-walk, sidewalk, culvert or bridge *shall within ninety days after the happening of such injury or damage* be presented to the city council, * * * in writing, signed by the claimant or by some authorized person, properly verified, describing the time, place, cause and extent of the damage or injury; and *no action shall be maintained against any city* * * * *for injury to person or property*, unless it appears that the claim for which the action was brought was presented to the council as aforesaid, and that the council * * * did not, within ninety days thereafter, audit and allow the same. Every other claim against the city * * * must be presented to the city council * * * within one year after the last item of the account or claim accrued.' (Italics ours.) The section following provides, in substance, that it should be a sufficient bar to any action against a city that any claim mentioned in the preceding section had not been presented to the city council in the manner and within the time specified. Under these provisions it is asserted that the claim upon which this action is based should have been presented to the city council, and as no allegation nor proof of such presentation was made there is no right of action. Is this contention sound? It has been frequently held that, under statutes similar to the foregoing, the presentation of claims falling within the provisions of such statutes is a condition precedent, and unless presented no recovery can be had. We have no disposition to modify the rule so announced, or depart from it. *Does the claim in question here come within the provisions of the section above quoted? We think not.* It will be observed the claims that require presentation are of two kinds: (1) Claims arising out of defective or obstructed streets, alleys, cross-walks, sidewalks, culverts or bridges, or for negligence of the city authorities with respect thereto; (2) claims consisting of various items of account or otherwise that may arise out of transactions with the city, and not arising in tort. This seems manifest from the language used

with respect to the character of the claims that must be presented to the city council under the second class mentioned in the statute. It seems reasonably clear to us that, in view of the case of *Dawes* v. *City of Great Falls*, 31 Mont. 9, 77 P. 309, the claim in this case does not belong to the class last above noticed. *Does it come within the first class? It is not a claim which arose out of any matters specially enumerated in the first class. Those are limited to defects in, or the obstructed condition of, streets, alleys, cross-walks, sidewalks, culverts or bridges.* All these pertain to places and things which the city is bound by law to maintain in a reasonably safe condition, and the statute makes it liable for a neglect of duty with respect thereto. *The claim in question does not come within this class.* It is one which arose out of the defective condition of the city's property, which is owned and maintained in its corporate capacity merely, and over which it had dominion the same as any property owner. *Moreover, the language of the statute does not cover such a claim.* A claim included within the statute is one pertaining to a personal injury or damage to property, and must be presented 'within ninety days after the happening of such injury or damage.' In an action to recover damages for negligently causing the death of one *a presentation of a claim is not required,* for the right of action does not arise until the injury results in death. While the injury may be said to be the cause of death, the injury without death would not give a right of action such as we are now considering. If we should assume a case where the injury did not result in death until the ninety-first day after the injury, or thereafter, no claim could be presented at all. for the reason that the time runs from the date of injury, and not from the time the full consequences resulting therefrom are known. The words 'or damage' relate to the damages that arise immediately out of the injury to the party or to his property, and not to such as may be sustained by a third person as a secondary result, although caused by the original injury. The statute must receive a reasonable construction, and such as will make is possible to present a claim. If, therefore, a claim may not arise until the time has elapsed in which it must be presented, the statute should not be held to apply, unless the language used therein permits of no other construction. We are firmly of the opinion that it was not the intention of the Legislature to include within the statute secondary claims or damages arising out of death, which are suffered by third parties by reason of such death. This view, we think, is amply sustained by the authorities. *McKeigue* v. *Janesville*, 68 Wis. 50, 31 N. W. 298; *Pye* v. *Mankato*, 38 Minn. 536, 38 N. W. 621; *Moran* v. *City of St. Paul*, 54 Minn. 279, 56 N. W. 80; *Dawes* v. *City of Great Falls*, 31 Mont. 9, 77 P. 309; *Maylone* v. *City of St. Paul*, 40 Minn. 406, 42 N. W. 88. The cases cited by counsel for the city to the contrary are all based upon stat-

utes, the terms of which are much broader than our own. In many states all claims must be presented before action can be maintained; in other states, like Utah, claims need be presented only in specified instances. An examination of the authorities will disclose that, where specific matters are mentioned in a statute for which a claim must be presented as a condition precedent to a right of action, claims arising out of matters not so mentioned are excluded and require no presentation before an action may be maintained. The claim in the case at bar falls clearly within the latter class, and therefore the court did not err in refusing to direct the jury as requested upon this ground." (Further italics added.)

Also, for convenience, we set out the provisions of the statute as it was in force under the Brown case and as it has stood amended since 1905:

Laws Utah 1903, Sec. 312, Ch. 19: "*All claims* against a city or town *for. damages or injury* alleged to have arisen *from the defective, unsafe, dangerous or obstructed condition of any street,* alley, crosswalk, sidewalk, culvert *or bridge* of such city or town, *or from the negligence of the city or* town *authorities in respect to any such street, alley,* crosswalk, sidewalk, culvert *or bridge, shall, within ninety days after the happening of such injury or damage,* be presented to the city council of such city or board of trustees of such town, *in writing, signed by the claimant* or by some authorized person, *and properly verified,* describing the time, place, cause and extent of the damage or injury; and *no action shall be maintained against any city* or town as aforesaid, *for injuries to person or property,* unless it appears that the claim for which the action was brought was presented to the council as aforesaid, and that the council or board did not, within ninety days thereafter, audit and allow the same. *Every other claim against the city* or town *must be presented* to the city council or board of trustees, as the case may be, *within one year after the last item* of the account or claim *accrued.* Such claims must be verified, as to their correctness, by the claimant or his authorized agent. If the city council or board of trustees shall refuse to hear or consider a claim because not properly made out, notice thereof shall be given the claimant, and sufficient time allowed him to have the claim properly itemized or verified.

R. S. U. 1933, Sec. 15-7-76: "*Every claim* against a city or incorporated town *for damages or injury,* alleged to have been *caused by the defective, unsafe, dangerous or obstructed condition of any street,* alley, crosswalk, sidewalk, culvert *or bridge,* of. such city or town *or from the negligence* of the *city* or town *authorities in respect to any*

*such street,* alley, crosswalk, sidewalk, culvert *or bridge, shall within thirty days after the happening of such injury or damage* be presented to the board of commissioners or city council of such city, or board of trustees of such town, *in writing, signed by the claimant* or by some person authorized to sign the same, *and properly verified,* stating the particular time at which the injury happened, and designating and describing the particular place in which it occurred, and also particularly describing the cause and circumstances of the injury or damages, and stating, if known to claimant, the name of the person, firm or corporation, who created, brought about or maintained the defect, obstruction or condition causing such accident or injury, and the nature and probable extent of such injury, and the amount of damages claimed on account of the same; such notice shall be sufficient in the particulars above specified to enable the officers of such city or town to find the place and cause of such injury from the description thereof given in the notice itself without extraneous inquiry, and *no action shall be maintained against any city* or town *for damages or injury to person or property,* unless it appears that the claim for which the action was brought was presented as aforesaid, and that such governing body did not within ninety days thereafter audit and allow the same. *Every claim, other than claims above mentioned, against any city* or town *must be presented,* properly itemized or described and verified * * * *within one year after the last item of such account or accrued* * * *.*"
(Italics added.)

Sec. 15-7-77, following the above, provides that "It shall be a sufficient bar and answer to any action or proceeding against a city or town in any court for the collection of any claim mentioned in section 15-7-76, that such claim had not been presented to the governing body of such city or town in the manner and within the time specified" in the section.

It will be observed from a reading of the above quoted portion of the opinion in the Brown case, that after the claim there involved was held not to fall within the statute, that it was "one which arose out of the defective condition of the city's property, which is owned and maintained in its corporate capacity merely, and over which it had dominion the same as any property owner," and that "Moreover, the language of the statute does not cover such a claim," the opinion continues by saying that, "In an action to recover

damages for negligently causing the death of one a presentation of a claim is not required, for the right of action does not arise until the injury results in death."

. The statute at that time provided that "no action shall be maintained against any city or town as aforesaid, *for injuries to person or property*" unless a verified claim had been filed within ninety days "after the happening of such injury or damage." As amended, the statute since 1905 has read and now reads, "no action shall be maintained against any city or town for damages or injury to person or property" unless such verified claim has been filed within thirty days "after the happening of such injury or damage."

In the case of *Dahl* v. *Salt Lake City*, 45 Utah 544, 147 P. 622, 624, involving an action to recover damages from the city allegedly caused to crops by seepage of water from a canal of the city, and in which no claim was filed with the city, prior to bringing the action, Mr. Justice Frick, in a concurring opinion, had the following to say about the holding in the Brown case, supra, in view of the amendment of the claims statute:

"In the Brown case it was clear to us that claims arising out of torts other than those mentioned in the first part of section 312 did not require notice, for the reason that such claims fell neither within the provisions of the first nor within those of the second part of said section. Is that still true? I think not. I now think that in giving all that was said in the amendment of 1905 full force and effect, as I. must, the statute now provides that in claims arising out of torts other than those which come within the 90 days notice clause notice, must now be given within one year. Nor can I see wherein that requirement is unreasonable or impractical. But be that as it may, all I have a right to inquire into as a member of this court is, What was the intention of the Legislature in adopting the law? I cannot escape the conviction that in enacting the amendment of 1905 the Legislature intended that a notice should be given within one year in a case like the one before us, and in view that no such notice was given the action cannot be maintained."

. In view of the language of the present statute—that "no action shall be maintained against any city or town *for dam-*

*ages* or injury to person or property"—and in view of other and new language of the section providing for greater particularity in the information to be included in a verified claim required to be filed by the section, and the further reduction of the time of filing such claim from ninety to thirty days, we must hold that it was the clear intention of the legislature to require verified claims to be filed within thirty days for *any* damages claimed against a city or town, whether injuries to the person, or to property, or damage caused to a third person by death resulting from such injuries, and arising out of torts falling within the claims enumerated in the first part of the section. In cases involving claims for death, the thirty-day period would commence to run on the date of death of the person so injured, inasmuch as that is the date upon which the damage accrues to the personal representative or third party entitled to recover for such wrongful death.

We are mindful of the fact that in a number of jurisdictions the courts have construed statutes similar to ours as not requiring claims to be filed with the city in death cases, and of the reasons they assign for so holding. *McKeigue* v. *City of Janesville*, 68 Wis. 50, 31 N. W. 298; *Maylone* v. *City of St. Paul*, 40 Minn. 406, 42 N. W. 88; *Marsh* v. *City of Miami*, 119 Fla. 123, 160 So. 893; *City of Indianapolis* v. *Willis*, 208 Ind. 607, 194 N. E. 343 (in which state the statute was later amended to expressly include actions for wrongful death) ; and see *Lee* v. *City of Ft. Morgan*, 77 Colo. 135, 235 P. 348, where the claims statute includes the words "or death" in addition to claims for personal injuries.

In support of our holding as we do, and in considering that such holding gives effect to the real intent and purpose of this special statute, we quote from 64 A. L. R. 1059, as follows:

"While at common law it was not a condition precedent to an action against a municipality for tortious injury to a person, that there be presented to the municipal authorities a notice of the injury and of the claim for compensation prior to bringing the action, the legis-

lature has the power to impose such a requirement where its conditions are reasonable; and in many jurisdictions such a condition is imposed. 19 R. C. L., 1040.

"The present annotation, in considering the effect of the death of a person injured, upon the requirement of notice of claim to a municipality within a limited time as a condition precedent to liability for its alleged negligence in causing the injury and death, necessarily considers at least two separate propositions, the question as to whether the statute requiring that the notice of claim to the municipality be given applies to an injury which results in death; and, if it does apply, the question as to when the period of limitation imposed by such statute begins to run against the person or persons who are entitled to bring suit for the personal injury or death."

"The authorities are not in harmony in answering the question as to whether the statute requiring notice of claim as a condition precedent to the liability of a municipality for a tortious injury applies to cases where the injury results in the death of the person injured."

"In some cases the statute requiring the notice of claim expressly or impliedly provides for notice where the injury results in death, and, of course, in the jurisdictions from which these cases come, the notice must be given in conformance with the terms of the statute, and no question as to its application can arise." Citing *Lee* v. *Ft. Morgan*, 1925, from Colorado, supra, and cases from Massachusetts, North Carolina, North Dakota, and Virginia.

"And where a statute declares that no action for damages against a city shall be instituted unless, 'within ninety days after the happening or infliction of the injury complained of, the complainant, his executors or administrators,' shall give notice to the board of aldermen of the injury; and the record discloses nothing to excuse the administrator for his failure to give such notice, he having had an opportunity to give it,—an action for death cannot be maintained by such administrator. *Pender* v. *Salisbury*, 1912, 160 N. C. 363, 76 S. E. 228."

The annotator continues, 64 A. L. R. at page 1061, by stating that:

"In New York, a similar death statute, providing that a notice of claim for damages for 'personal injuries' must be given 'within six months after such cause of action shall have accrued' was held to apply to injuries resulting in death. *Crapo* v. *Syracuse*, 1906, 183 N. Y. 395, 76 N. E. 465, 19 Am. Neg. Rep. 429 (reargument denied in 1906, 184 N. Y. 561, 76 N. E. 1092, reversing 1904, 98 App. Div. 376, 90 N. Y. S. 553) ; *Conway* v. *New York*, 1910, 139 App. Div. 446, 124

N. Y. S. 660 (later appeal in 1912, 148 App. Div. 915, 133 N. Y. S. 1116, which is affirmed in 1913, 208 N. Y. 567, 101 N. E. 1099).

"In *Crapo* v. *Syracuse, N. Y.*, supra, the court of appeals, in holding that the statute requiring a notice of claim applied to injuries resulting in death, says: 'Certainly it was an injury to the person of the deceased that gave rise to the cause of action, and it is not necessary to constitute the action one for personal injuries that it should be for injuries to the person of the plaintiff. * * * The case comes plainly within the spirit of the statute as well as its letter, for every reason for requiring notice of the circumstances of the accident to be given to the municipality applies with as much force to an accident resulting in death as to one where the consequences have been less grave.' "

As affecting the time at which the period of limitation commences to run, the annotator continues, 64 A. L. R. at page 1063:

"The cases raising the question as to when the period of limitation in the statutes providing for notice of claim for an injury as a prerequisite to liability on the part of a municipality begin to run where the injury results in death are in irreconcilable conflict,—a conflict due to some extent to the language of the various statutes, but, also, to a difference of opinion as to when the cause of action accrues. * * *

"Where a statute provides that no action for personal injury or death against a municipality of a designated class, on account of its negligence, shall be maintained unless a notice of the claim, giving certain information, shall be filed with the official named within a certain time 'by the person injured,' the time within which the notice must be filed begins to run from the day of the injury where the person injured brings the action, but, *in case of the death of the injured person, the time for filing does not begin to run until death, against the person entitled under the death statute to bring the action. Lee* v. *Ft. Morgan,* 1925, 77 Colo. 135, 235 P. 348."

We believe, therefore, as heretofore stated, that it was the plain intention of the legislature that a city or town should be notified in the manner and within the time provided in the case of *all* claims falling within the class included in the first part of the statute, whether for injuries to person, damage to property, or for damages caused by death resulting from such injuries, and that in the event

of death, the statutory period runs from the date of death against the personal representative of the deceased or third party entitled to bring an action for damages therefor. A suit or claim for damages for the death of a person is not a suit for damages *to the person or property of the deceased,* but a suit for damages *by* a person who had an interest in the life of the deceased and a right of action against anyone negligently causing the destruction of that life.

The judgment of the trial court in sustaining the demurrer upon the ground that the action was barred for failure to comply with the claims statute under consideration is affirmed. Costs to respondent.

WILL L. HOYT, District Judge, concurs.

WOLFE, Chief Justice.

I concur in the results. I think the trial court in its opinion struck the crux of the matter. Sec. 15-7-76, R. S. U. 1933, provides that

"every claim * * * for *damages* or *injury,* alleged to have been caused by the defective, unsafe, dangerous or obstructed condition of any street, alley, crosswalk, sidewalk, culvert or *bridge,*" etc., "shall within thirty days after the *happening* of such *injury* or *damage* be presented," etc. (Italics added.)

Further down the same section specified that

"no action shall be maintained against any city or town for damages or *injury* to *person* or *property,*" etc. (Italics added.)

These qualifying words "to person or property" go to the entire class of actions covered by the first part of the section in reference to which claims must be filed. The first part should therefore be read as if it were worded, "Every claim * * * for damages or injuries [to person or property] alleged to have been caused," etc. The two parts of the section must synchronize. In spite of the New York cases to the contrary I think it follows therefore that the

section did not touch actions for death due to negligence. Sec. 15-7-76 must necessarily be considered as lifting the immunity from suit for negligence occurring in the performance of functions done in the city's governmental capacity because it would be an absurdity to require notice as a condition of an action if it had not been intended to permit the action. But the lifting of the immunity can go only to the cases in regard to which an action was permitted, that is, to those involving damage or injury to person or property. An action for death by negligence is not an injury to person or property as is meant by those terms. Lord Campbell's act gave a right of action to the heirs for damages suffered by the negligently caused death of the ancestor. It was not a damage to person or property. In consequence the immunity was never lifted for actions for death caused by negligence. The case of *Brown* v. *Salt Lake City,* 33 Utah 222, 93 P. 570, 573, 14 L. R. A., N. S., 619, 126 Am. St. Rep. 828, 14 Ann. Cas. 1004, really dealt with a death caused by negligence incident to the city's functioning in its proprietary capacity. All that was said in that case about the statute not requiring a presentation of a claim for damages due to death because of the fact that death might occur after the time to file claims had passed because the "time runs from the date of the injury, and not from the time the full consequences resulting therefrom are known," was entirely beside the point and unnecessary. Nor do I think that a discussion of the case of *Dahl* v. *Salt Lake City,* 45 Utah 544, 147 P. 622, as it relates to the Brown case would be profitable. The two cases have apparently lent confusion in the interpretation of Sec. 15-7-76, but that confusion on the views herein expressed does not touch us.

I have heretofore expressed myself in regard to the nebulous line which separates so-called proprietary and governmental functions—a line largely without logic or basis and doubtful morality in a period of growing governmental functions. *Husband* v. *Salt Lake City,* 92 Utah 449, 69 P. 2d 491; *Niblock* v. *Salt Lake City,* 100 Utah 573, 111 P. 2d 800.

However, as stated in the latter case it seems a matter for legislative rather than judicial remedy.

McDONOUGH, Justice.

I concur for the reason stated in the paragraph next to the last of the opinion of Mr. Justice MOFFAT.

LARSON, Justice (dissenting).

I dissent. I think the rule laid down in the Brown case, cited in the opinion of both Mr. Justice MOFFAT and Chief Justice WOLFE, is sound and still the law in this jurisdiction. Beyond this simple statement we need not go.

PRATT, Justice, on leave of absence.