**FLORIDA MOTOR LINES CORPORATION**, a Florida corporation, v. **THOMAS J. WOOD.**

24 So. (2nd) 581      ·      January Term, 1946
January 25, 1946                    Division A
Rehearing denied Feb. 13, 1946

*Knight, Underwood & Cullen* and *Dewey Knight,* for appellant.

*Perry A. Nichols,* for appellee.

ADAMS, J.:

Appellee recovered a $15,000.00 judgment for personal injuries sustained while riding as a passenger on appellant's bus.

The questions deserving comment presented on this appeal relate to the charge of the court; the receipt in evidence of photographs portraying the appearance of the buses after the collision and the amount of the verdict.

Appellant, a common carrier, was operating two buses in transferring selectees from Miami to Camp Blanding. Appellee was a passenger on one of the buses that had come to a stop for a traffic light whereupon appellant's second bus ran into the bus in which appellee was riding causing a back injury which has caused and will continue to cause him great pain and substantial permanent disability.

The declaration makes claim for a new and independent injury whereas the pleas of defendant are that of not guilty and that the injury, if any, was that of a pre-existing injury. In keeping with these pleadings the evidence was submitted and among other charges the court instructed the jury as follows:

"If you find from a preponderance of the evidence that at the time of the bus collision the plaintiff was suffering from physical weakness or predisposition of an injury to his back by reason of his 1943 accident, and that he sustained injuries in the bus collision which aggravated the plaintiff's pre-existing condition, the plaintiff is entitled to recover for the injuries consequent upon such collision providing, of course, that you further find that the injuries, if any, sustained in the bus collision were the proximate result of the defendant's negligence."

This charge is complained of by appellant on the ground that it does not conform to the allegations in the declaration. It was evidently given to submit the defendant's theory on the case to the jury. Furthermore, we fail to see wherein the appellant was harmed by the instruction. See Hamblen v. Owens, 127 Fla. 91, 172 So. 694; Campbell v. Los Angeles Traction Co., 137 Cal. 565, 70 Pac. 624.

We find no abuse of discretion in admitting the photographs in evidence. Considering the age, previous earning power and extent of injury the verdict of the jury is not excessive.

Finding no merit in any other question, the judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.