335 P.2d 839

Leland E. MATERN, Plaintiff and Appellant,

v.

Ronald D. PHILLIPS by his guardian ad litem, Heber Phillips, Defendant and Respondent.

No. 8935.

Supreme Court of Utah.

March 2, 1959.

McBroom & Hanni, Salt Lake City, for appellant.

Hanson, Baldwin & Allen, Walter L. Budge, Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal by plaintiff, who prevailed in the trial court, seeking an additur to the jury verdict or in the alternative a new trial.

The case arose out of an automobile accident and was tried to a jury. The court found that defendant was guilty of negligence as a matter of law and so instructed the jury. The jury returned a verdict for appellant and awarded him $39.31 for damages to his truck, $315.28 for medical expenses, and $650 as general damages for wages lost. The plaintiff calculated his loss of wages in the amount of $1,691.69 and insisted that the figure was uncontradicted and that the court should enter judgment for that figure instead of the $650 which was awarded by the jury.

418

The accident occurred at an intersection in Salt Lake City by defendant's automobile colliding with the rear of plaintiff's truck, which was stopped for a red light. Plaintiff claimed a whiplash injury to his neck. About one year previous to the collision in question, plaintiff had been hit by an automobile from the rear while he was stopped for a traffic light in a manner similar to the instant case.

The previous accident was first mentioned by appellant on direct examination. He testified that in the prior accident he suffered internal injuries and denied that he had any injury to his neck. On cross examination, appellant denied that he suffered any bruises in the first accident. To rebut this testimony defendant called his attention to the following language contained in his complaint in that case for the purpose of impeachment: "As a result of defendant's wrongful conduct plaintiff received numerous bruises, internal injuries and was otherwise injured."

Appellant assigns error as follows:

Point 1. In giving instruction No. 8 and in refusing to give appellant's requested instruction No. 1.

Point 2. That the damages awarded were inadaquate and the trial court should have increased the amount or in the alternative granted a new trial.

■ Instruction No. 8 as given by the court was as follows:

"You are further instructed that if you find that the plaintiff is entitled to damages, then in awarding him damages you may consider only his loss, if any, which a preponderance of the evidence shows resulted from the accident on October 25, 1957. He is not entitled to damages for a condition or loss from other accidents or causes unrelated to the collision with the defendant's automobile."

Requested instruction No. 1 contained the following language:

"You are instructed that there is no evidence that plaintiff's injuries, if any, were caused or contributed to by said prior accident and you are further instructed that you are to ignore the prior accident in determining the cause of plaintiff's damages, if any."

Plaintiff first mentioned the previous accident and defendant questioned the plaintiff for impeachment. We do not think the trial court committed any error in giving instruction No. 8, nor was any error committed in refusing to give instruction No. 1.

■ Nor do we find any merit to plaintiff's second point. It may be that plaintiff correctly calculated his loss of wages, but there was evidence that plaintiff was doing work for himself during part of the time. The question is not one that can

be answered with absolute mathematical certainty. The jury heard the evidence and we certainly cannot say that it abused its discretion in awarding $650 for general damages.

Judgment affirmed. Costs to respondent.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.