BARKDULL, Judge
(dissenting).
I must respectfully dissent from the majority opinion in this cause, which reversed a final judgment based upon a jury’s verdict with directions to the trial judge to grant a motion for directed verdict in favor of the defendants. The effect of the majority opinion is to substitute an appellate court’s judgment for that of a trial judge. This I am not inclined to do without all the evidence, which was before the trial judge at the time he denied a motion for directed verdict, being brought to this court.
A ruling of a trial court is generally presumed to be correct. Every doubt should be resolved in favor of the correctness of the trial court’s ruling, and if an appellate court is in doubt as to the propriety or correctness of a ruling, the doubt will be resolved in favor of the trial court and the ruling will stand. Atlantic Coast Line R. Co. v. Baynard, 112 Fla. 544, 151 So. 5. The burden is on an appellant to show error in a ruling by a trial judge, and the appellant is charged with the responsibility of bringing the entire record necessary for proper review of the trial court’s order to the appellate court. Green v. Hoiriis, Fla.App.1958, 103 So.2d 226; F.A.R. 3.6(b) (d) (1), 31 F.S.A.
If the appellant fails to include matters in the record on appeal which are necessary to determine whether or not error was committed by the trial judge, it is presumed that the ruling complained of was correct. 2 Fla.Jur., Appeals, § 318. When error is alleged in an order denying a motion for directed verdict, all the evidence that was before the trial court at the time the motion was made should be presented to the appellate court. Florida East Coast Railway Co. v. Buckles, 1923, 85 Fla. 416, 96 So. 397; Brown v. Householder, Fla.App.1961, 134 So.2d 801.
The transcript of testimony included in the record on appeal in this cause discloses that 50 exhibits were introduced by the plaintiff, which showed the damage to the two automobiles involved in this head-on collision and the site of the accident. These would be indicative of the speed of the vehicles. The courts have held many times that photographs may show force and impact. City of Miami v. McCorkle, 1941, 145 Fla. 109, 199 So. 575; Florida Motor Lines Corporation v. Wood, 1946, 156 Fla. 838, 24 So.2d 581; Schoeppl v. Okolowitz, Fla.App. 1961, 133 So.2d 124; 8Fla.L.Rev. 191. The *849 appellate courts have held that juries in a guest-statute case are entitled to draw reasonable inferences from the evidence, and trial judges have been reversed for directing verdicts in this type of case without permitting the jury an opportunity to pass upon the evidence. Cadore v. Karp, Fla. 1957, 91 So.2d 806; Madden v. Kellinger, Fla. App.1957, 97 So.2d 205.
All presumptions being in favor of the correctness of the ruling, I find it impossible to hold that the trial judge erred in denying the motion for directed verdict and submitting the cause to the jury on this record I would therefore affirm the final judgment.