391 P.2d 430

**Jean GORDON, Plaintiff and Respondent,**

**v.**

**PROVO CITY, a municipal corporation, Defendant and Appellant.**

**No. 9992.**

Supreme Court of Utah.

April 27, 1964.

5. 14 Utah 2d 263, 382 P.2d 405 (1963); see Collier, Bankruptcy, 14th ed., Vol. 1, pp. 1571 et seq.

6. 11 Utah 2d 339, 359 P.2d 9 (1961).

**288**

Thomas S. Taylor, City Atty., Provo, for appellant.

Leon M. Frazier, J. Gordon Knudsen, Provo, for respondent.

CROCKETT, Justice:

Plaintiff sued to recover damages for injuries suffered when she stepped on a loose water meter lid, which was maintained by Provo City near the edge of plaintiff's lawn. A jury rendered a verdict for the plaintiff for $10,000 general and $3,992.40 special damages. Defendant appeals.

■ The parties have been in controversy as to whether this water meter was on plaintiff's property, or in the street; and the related issue as to whether plaintiff's action is properly grounded upon Sec. 10-7-77, U.C.A.1953, which provides for presenting claims against the city arising out of defective maintenance of streets, sidewalks, etc. We do not regard these issues as of critical importance because Provo City operated the water system as a commercial venture in a proprietary capacity and thus would be responsible for any negligence in operating or maintaining it, whether the meter was on plaintiff's property or on the

street.[1] Nor are we concerned in this case with timely and proper notice to the City,[2] since in any event plaintiff complied with the requirements of the above statute by filing her claim with the City, "within thirty days after the happening of such injury" and the " . . . governing body did not within ninety days thereafter audit and allow the same."

The key problem in this case is the defendant's contention that the plaintiff failed to prove any negligence on the part of the City or that any unsafe condition existed for sufficient length of time to charge it with notice and afford an opportunity to remedy it. In treating that contention, the evidence and all reasonable inferences that may be drawn therefrom should be viewed in the light most favorable to the jury's findings.

The water meter in question is located near the edge of the plaintiff's front lawn where it adjoins the street, and just alongside her driveway. On April 9, 1962, as she walked across her lawn toward her mailbox at the side of the road, she stepped on the lid of the meter box and it tipped or slid so that her leg went down into the hole. This caused her to take a twisting fall, throwing her against her car parked in the driveway. She suffered the injuries to her back and nervous system of which she complains and which disabled her for some time from pursuing her vocation as a dancing teacher.

Plaintiff testified that on April 5, four days before her injury, she saw two men drive up in a Provo City truck. One of them knelt down by the water meter box with "the little thing he has to tighten it" in his hand. She then went to her back door to answer the knock of the second man, who said that he was there to read the light meter; (also operated by the City) and he asked her if there was any meter other than the one outside. She then further observed the first man out by the water meter box; and the two men got into the truck and drove away. She made no further observation concerning the water meter box until the accident happened.

Defendant presented evidence that the water meter was read once a month; had been checked on March 22d and on April 22, 1962; several meter readers testified that they had not checked it on April 5th. The supervisor of meters stated that he had no knowledge of, and that there was no record of it being read on April 5th. But he also said that others in the department of utilities were authorized to take readings; and that some of the records for the period in question had been lost. The

1. Brown v. Salt Lake City, 33 Utah 222, 93 P. 570, 14 L.R.A.,N.S., 619; Burton v. Salt Lake City, 69 Utah 186, 253 P. 443, 51 A.L.R. 364.

2. See Nelson v. Logan City, 103 Utah 356, 135 P.2d 259; Dahl v. Salt Lake City, 45 Utah 544, 147 P. 622.

lid of the meter box is fastened with a special five-sided nut, purposed to make it more difficult to grip than ordinary nuts. All meter readers and City trucks are equipped with special wrenches to fit these nuts. This latter evidence tends to support the inference that it was a City employee who took the lid off the meter box, although it is admitted that any type of adjustable wrench, or even a pair of pliers, can be used to open it.

Notwithstanding defendant's argument to the contrary, upon a reading of the instructions together, as they must be, it appears that their fair import was to inform the jury that the plaintiff had the burden of establishing by preponderance of evidence that the defendant was negligent in not maintaining the meter lid in a safe condition; and in turn negligence was defined as the failure to use reasonable care under the circumstances.

■■ The court also correctly perceived and presented to the jury the issue on the question of defendant's right to notice of the defect before it could be held liable therefor. The defendant seems to have misconceived or to have ignored the proposition that if its own employee was the one who displaced the lid, there exists no issue as to the question of its having notice. The trial court adequately safeguarded the defendant's rights in that regard by instructing the jury to the effect that if any defect "* * * had been caused by anyone other than the defendant" and that the latter did not have actual notice thereof, or did not have a reasonable opportunity to remedy any such dangerous condition so caused, then they should find for the defendant.[3]

■ The purpose of a trial is to afford the parties a full and fair opportunity to present their evidence and contentions and to have the issues in dispute between them determined by a jury. When this objective has been accomplished, and the trial court has given its approval thereto by refusing to grant a new trial, the judgment should be looked upon with some degree of verity. The presumption is in favor of its validity and the burden is upon the appellant to show some persuasive reason for upsetting it.[4] Under the cardinal and oft-repeated rule of review, we will not disturb the jury's finding so long as it is supported by substantial evidence, that is, evidence which, together with the fair inferences that may be drawn therefrom, reasonable minds could conclude as the jury did;[5] and we will not

3. See Erickson v. Walgreen Drug Co., 120 Utah 31, 232 P.2d 210, 31 A.L.R.2d 177; DeWeese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A.L.R.2d 399.
4. See Hales v. Peterson, 11 Utah 2d 411, 360 P.2d 822; Rule 61, U.R.C.P.

5. See Fay v. City of Trenton, 126 N.J.L. 52, 18 A.2d 66, holding that a generally similar fact situation justified the submission of the issue of defendant's negligence to the jury.

reverse the judgment entered thereon unless in arriving at it substantial and prejudicial error was committed in the sense that in its absence there is a reasonable likelihood that there would have been a different result. We have found no such error here.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and CALLISTER, McDONOUGH and WADE, JJ., concur.