398 P.2d 203

Lothar NESTMAN and Marilyn Nestman, his wife, Plaintiffs and Respondents,

v.

SOUTH DAVIS COUNTY WATER IMPROVEMENT DISTRICT et al., Defendants and Appellants,

Granger Hunter Improvement District, Amicus Curiae.

No. 10121.

Supreme Court of Utah.

Jan. 14, 1965.

1a. Clark v. Turner, 14 Utah 2d 235, 381 P.2d 724 (1963); Clark v. Turner, 15 Utah 2d 83, 387 P.2d 557 (1963).

Shirley P. Jones, Jr., Salt Lake City, for appellant.

Joseph Novak, Salt Lake City, for respondent.

Edward W. Clyde, Salt Lake City, for amicus curiae.

CROCKETT, Justice:

Plaintiffs sue the South Davis County Water Improvement District for damages caused to their home and its contents by flooding when the defendants' reservoir gave way. Upon stipulated facts the district court rendered judgment against the defendant District in the amount of $5,675.00.

The sole issue presented for determination on this appeal is whether the defendant Water District is protected from liability on the ground of sovereign immunity.

The defendant was created as a water improvement district in 1955 pursuant to Chapter 6 of Title 17, U.C.A.1953. Between that date and 1960 it acquired the water rights, water works and distribution facilities of six private water companies which were engaged in the business of selling water for domestic purposes ·in South Davis County. The District continued the business of supplying culinary and irrigation water to the public for charges as fixed by it both within and outside the District boundaries.

In 1959, the District caused to be constructed an earthen reservoir of a capacity of 1,700,000 gallons located just east of and at a higher elevation in the Wasatch Mountain foothills than the homes of plaintiffs and others similarly situated. Thereafter it exclusively owned, operated and maintained the reservoir for the storage of water to supply its customers.

On September 24, 1961, at about 4:30 in the morning, due to improper construction, the reservoir collapsed, releasing 1,500,000 gallons of water, which, together with soil, rocks and debris it carried, coursed down upon the home of the plaintiffs. The parties agreed to submit this as a test case, and if the right of recovery is sustained, the result will bind them in 14 others, wherein the damages will then be determined by a method agreed upon by the parties.

The recognition of sovereign immunity where properly applicable is hardly open to question in this state. We are fully aware that the doctrine has been subject to a great deal of criticism. But nevertheless, in deference to stare decisis and its practical value in carrying on public affairs, we have continued to adhere to this traditional principle, believing that any

change should be legislative.[1] However, we have no disposition nor desire to extend it any further than its already established application. Insofar as we have been able to find, the question as to whether a water district such as the defendant is entitled to that protection has never been presented to nor decided by this court.[2]

It is significant to note that the defendant Water District is somewhat different in character than the governmental bodies which have historically been accorded sovereign immunity. It is not an entity created directly by the legislature or by the Constitution and cannot properly be regarded as the same type of sovereign entity as an arm or agency of the state government, or as a city or a county. The Act simply provides the means for the people of a given area to initiate and create a district for the purpose of cooperatively establishing and maintaining a water system to supply their needs.[3] Although the organizing procedure is initiated by the county commission, after that is done, the district becomes an autonomous and independent entity which conducts its affairs in its own name; and under the direction of its own board of trustees. It has its own seal and under the statute it may "sue and be sued." [4] It is not controlled by the county in any manner except the latter performs for the district the ministerial function of levying taxes certified to it by the trustees as authorized by law.[5]

Quite apart from the fact just noted above, that the defendant Water District is of somewhat different character than the governmental entities to which sovereign immunity has been applied, there is a more important and controlling reason why the District is not entitled to that protection. Where a public body, which would otherwise be entitled to sovereign immunity, engages in an activity of a commercial or proprietary character, the protection does not exist.[6] Specifically, we have held that when a city carries on the business of operating a water system and supplying water for fees, it is a proprietary function, and the city is liable for damage or injury caused by its negligence in connection there-

---

1. See Hurst v. Highway Department of Utah, 16 Utah 2d 153, 397 P.2d 71, 73 (Dec. 1964) and authorities referred to therein.
2. This is also true of Metropolitan Water Districts (Title 73, Chap. 8, U.C.A.1953); Water Conservancy Districts (Title 73, Chap. 9, U.C.A.1953); and Subwater Conservancy Districts (Sec. 73-9-14, 14.5, U.C.A.1953).
3. Tygesen v. Magna Water Co., 119 Utah 274, 292, 226 P.2d 127, 135-136 (1950).

See statement of Justice Wolfe concurring in result.
4. Section 17-6-3.4, U.C.A.1953.
5. See Tygesen v. Magna Water Co., 119 Utah at 280-81, 226 P.2d at 130-31; see also Lehi City v. Meiling, 87 Utah 237, 276, 48 P.2d 530, 548 (1935). See statement of Justice Wolfe concurring specially.
6. See e. g. Gordon v. Provo City, 15 Utah 2d 287, 391 P.2d 430 (1964).

with;[7] and that the same is true of irrigation companies.[8] Inasmuch as this activity is a proprietary one when carried on by a city, it could not very well be deemed otherwise when carried on by the defendant Water District. It would indeed be anomalous and unjust if the inhabitants of an area could operate such a project under sovereign immunity by forming a district, whereas, if the same area, or a comparable one, incorporated as a city, and carried on the same activity, it would be without such protection. Accordingly, the district court was correct in ruling that the defendant Water District is not protected from liability on the plaintiff's claim by the defense of sovereign immunity.

We commend the parties, their counsel and amicus curiae for the expeditious procedure employed in connection with these claims and for their thorough and competently prepared briefs presented to this court.

Affirmed. The parties to bear their own costs.

WADE, McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, C. J., not participating.

7. Gordon v. Provo City, supra; Egelhoff v. Ogden City, 71 Utah 511, 267 P. 1011 (1928); Brown v. Salt Lake City, 33 Utah 222, 93 P. 570, 14 L.R.A.,N.S., 1004 (1908); cf. Burton v. Salt Lake City, 69 Utah 186, 253 P. 443, 51 A.L.R. 364 (1926).

8. See, for example, Charvoz v. Bonneville Irr. Dist., 120 Utah 480, 235 P.2d 780 (1951); see also Croft v. Millard Co. Dr. Dist. No. 1, 59 Utah 121, 202 P. 539 (1922); Hubble v. Cache County Dr. Dist., 120 Utah 651, 237 P.2d 843 (1951); Eldridge v. Black Canyon Irr. Dist., 55 Idaho 443, 43 P.2d 1052 (1935); see cases collected in Anno., 160 A.L.R. 1165 (1946).