409 P.2d 614

Cherie BURKHALTER, and Cherie Burkhalter, Guardian Ad Litem of Robin Burkhalter, a minor, Plaintiffs and Appellants,

v.

GRANDEUR HOMES and John Gunther, Defendants and Respondents.

No. 10369.

Supreme Court of Utah.

Jan. 11, 1966.

Dean W. Sheffield, Salt Lake City, for appellants.

Hanson & Baldwin, Salt Lake City, for respondents.

WADE, Justice.

Plaintiffs appeal from a judgment of no cause for action based on the jury's answers to special interrogatories submitted by the court on the accidental death of Leslie Jerry Burkhalter from a collision between his Triumph Motor Bike which he was riding and a pick-up truck driven by John Gunther in the employment of Grandeur Homes.

The accident occurred where Gordon Lane goes east at about 4195 South from the east side of State Street. About 8:45 in the morning of May 14, 1963 Gunther drove the truck south on State Street, signaled a left hand turn into Gordon Lane and stopped for the traffic to clear, then commenced his left hand turn into Gordon Lane. At this point on State Street there is a center traffic island with three additional lanes for both north and south bound traffic on each side.

After signaling a left hand turn into Gordon Lane and stopping for the traffic to clear, Gunther commenced his left hand turn to the southeast into Gordon Lane. As the truck entered Gordon Lane the motorcycle came from the south, probably from the east traffic lane, on State Street, where his motorcycle ran into the rear or south side of the truck. His body was thrown into the truck and he died immediately from the collision.

Only two questions require consideration: (1) Was the evidence sufficient to support the jury's finding that the deceased Burkhalter failed to keep a proper lookout which proximately caused the accident?' (2) Were the instructions given prejudicial error under the facts here disclosed?

■ ' (1) On the first question we must view the evidence in the light most favorable to the jury's answer.[1] So viewing the evidence, the record shows that the defendant Gunther's truck came from the north, driving on the west side of State Street. He stopped his truck west of the turn lane and signaled that he was making the left hand turn, then waited for a few seconds for the traffic to clear, then started his turn into Gordon Lane. In making this turn he crossed from the west to the east over the space occupied by the center lane and the three east north-bound traffic lanes of State Street. Having started this turn from a standing position, the truck would not move very fast and could be seen for some distance by the now deceased motorcycle driver approaching the Gordon Lane junction with State Street from the south.

1. Gordon v. Provo City, 15 Utah 2d 287, 391 P.2d 430, Smith v. Gallegos, 16 Utah 2d 344, 400 P.2d 570.

■ Two witnesses testified that they saw this situation and knew the motorcycle and the truck were too close and there would be an accident. In view of these facts it is obvious that he could have seen the truck in time to avoid the accident had he kept his eye and mind on the road at the right time, and the court did not err in so holding under the jury's findings. This is true even though the truck driver was also guilty of negligence which proximately caused the accident in not remaining stopped at the turn longer. For the deceased motorcycle driver had a duty to use reasonable care to avoid the accident even though the truck driver also failed to use due care as the jury found.

(2) The jury, in answer to special interrogatories of "What act or acts of negligence (if any) were a proximate cause of the collision?" gave the same answer as to both Gunther and Burkhalter: "Improper lookout."

■ The jury's answer as to Gunther clearly indicates that his failure to see the motorcycle approaching from the south in time to avoid the accident by changing his course of driving was negligence. As to the deceased motorcycle driver, it also indicated that the jury found he was guilty of contributory negligence in failing to see the truck make the left turn into Gordon Lane until it was too late to avoid the accident.[2] Both findings are supported by substantial evidence.

Judgment affirmed. No costs allowed.

HENRIOD, C. J., and McDONOUGH, CROCKETT, and CALLISTER, JJ., concur.

2. Cederloff v. Whited, 110 Utah 45, 169 P.2d 777; Smith v. Gallegos, 16 Utah 2d 344, 400 P.2d 570.