412 P.2d 451

Rachel M. BRUNSON, Plaintiff and Appellant,

v.

Judy STRONG, Defendant and Respondent.

No. 10435.

Supreme Court of Utah.

March 18, 1966.

Mark & Schoenhals, Salt Lake City, for appellant.

Hanson & Garrett, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Rachel Brunson sued to recover for personal injuries and property damages resulting from a collision between her car and one driven by the defendant Judy Strong. A jury returned a verdict for car repairs, $414; and for personal injuries, $515 special and $1,000 general damages. Plaintiff moved for a new trial on the ground that the award of general damages was grossly inadequate; and upon its denial, she appealed to this court on that issue.

The question of liability is not of concern on this appeal. Briefly, the facts are these: the accident occurred at about 7 a. m. on March 5, 1964, on Foothill Boulevard in Salt Lake City. The plaintiff was driving southward in her car at about 1900 South when the defendant, traveling northward, lost control of her car on the ice-covered highway, bolted over the raised divider and collided with the plaintiff's automobile.

: The principal injury plaintiff complains of was to her back. Her physician, Thomas A. Clawson, Jr., identified it as involving vertebrae in the cervical area. It was also brought out that she had been suffering from what the doctor termed a "mild to moderate hypertrophic arthritis in the cervical spine for a number of years." Plaintiff asserts that it was only after the collision that she experienced any substantial pain or discomfort. The doctor testified that the collision may have "lighted up" or aggravated her previous arthritic condition, but that this would only be revealed to any degree of certainty by successive x-rays over a period of time.

In connection with her argument as to the inadequacy of the general damages awarded the plaintiff charges that the trial court committed error in instructing the jury to the effect that she could not recover for any previous "condition" not caused by the accident, but if the accident was the proximate cause of aggravating a pre-existing "disability" they could consider that in fixing damages. She urges specifically that the word, "disability" is misleading because the evidence showed only a prior arthritic "condition." We agree that the two terms are synonymous only in a limited sense. A "disability" is a "condition," but the latter is a much broader term than the former. A "condition" can be a "disability," and it can also be a lot of other things, good, bad or indiffer-

ent. Nevertheless the use of the terms interchangeably in the instruction does not necessarily result in prejudicial error.[1]

■ The instructions should be read in their entire context and given meaning in accordance with the ordinary and usual import of the language as it would be understood by lay jurors,[2] rather than by resorting to undue niceties of meaning or technical distinctions in terms. More important than that, they should be looked at from the viewpoint of the jury in application to the facts as shown by the evidence. In that light the instructions which were given could relate only to the physical state of the plaintiff's back as the testimony showed it existed prior to the accident, whether it be regarded as a "condition" or a "disability"; and it may well have been something of both.

■ Our view of the basic issue here is that even though it is true that one who injures another takes him as he is,[3] nevertheless the plaintiff may not recover damages for any pre-existing condition or disability she may have had which did not result from any fault of the defendant, but that she is entitled to recover damages for any injury she suffered, including any aggravation or lighting up of such a pre-existing condition or disability, which was proximately caused by the defendant's negligence.[4] If the instructions are considered as a whole and in relation to the facts shown by the evidence, as they should be, that is the fair import of what the trial court told the jury.

■ We do not question the sincerity of plaintiff's belief that the award of only $1,000 is inadequate compensation for the injury she claims to have suffered to her back. But it is something about which there is room for a difference of opinion. It is well known that the back is the source of a great deal of human pain and suffering. Equally so that its cause is often an enigma to the patient, and even more so to others. The facts of the existence of pain and its severity are largely subjective, known mostly to the one afflicted. Objective symptoms and the physical basis of such an ailment are often difficult to discover, analyze and demon-

---

1. See BAJI, § 171–C, 432; Taylor v. Sims, 72 Cal.App.2d 60, 164 P.2d 17; Garrett v. Taylor, 69 Idaho 487, 210 P.2d 386; Intermill v. Heumesser, (Colo.) 391 P.2d 684.

2. See Startin v. Madsen, 120 Utah 631, 237 P.2d 834 and cases therein cited; Hill v. Cloward, 14 Utah 2d 55, 377 P.2d 186.

3. That tort feasor takes victim as he finds him, see Rideau v. Los Angeles Transit Lines, 124 Cal.App.2d 466, 268 P.2d 772; Dahlquist v. Denver & R. G. R. Co., 52 Utah 438, 174 P. 833; cf. Pintar v. Industrial Commission, 14 Utah 2d 276, 382 P.2d 414, ruling that where injury aggravates pre-existing condition workmen's compensation is awardable.

4. See Matern v. Phillips, 8 Utah 2d 417, 335 P.2d 839; Garrett v. Taylor, supra footnote 2; Florida Motor Lines Corp. v. Wood, 156 Fla. 838, 24 So.2d 581.

strate to others. This appears to be true in the instant case. That Mrs. Brunson had pre-existing arthritis in the cervical area of her back is unquestioned. It is hard to tell on any objective basis to what extent this accident may have aggravated her difficulty. This determination must rest largely upon her testimony. Its evaluation and the conclusion to be drawn therefrom is peculiarly within the province of the jury.[5] Due to its acknowledged prerogatives, its advantaged position, and the desirability of safeguarding the integrity of the jury system, the courts are and should be reluctant to interfere with a jury verdict and will not do so as long as there is any reasonable basis in the evidence to justify it.

▬▬▬▬ We re-affirm our commitment to the principle that under our liberalized concept of procedure no error or irregularity will justify the reversal of a judg-

ment unless it affects the substantial rights of the parties.[6] When both sides have been given an opportunity to present their evidence and contentions to a jury, and a verdict has been rendered, all presumptions support its validity. Consequently it must stand unless the appellant shows that error was committed which had such an adverse effect upon the trial that there is a reasonable likelihood that the result would have been different in its absence.[7] With these considerations in mind we are not persuaded either that the instructions gave the jury any such mis-impression as to deprive the plaintiff of a fair trial, or that any greater damage than was awarded was proved so conclusively as to warrant upsetting the verdict.

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and McDONOUGH, WADE and CALLISTER, JJ., concur.

---

5. Concerning the advantages of a lay jury of varying viewpoints and experiences and latitude of judgment properly accorded them, see statement in Wilson v. Oldroyd, 1 Utah 2d 362, 267 P.2d 759.

6. See statement in Startin v. Madsen, 120 Utah 631, 237 P.2d 834 and cases there cited; and see § 77–42–1, U.C.A.1953 to the effect that errors or defects do not warrant reversing judgment unless they affect substantial rights of the parties; to same import see also Rule 61 U.R.C.P.

7. See Gordon v. Provo City, 15 Utah 2d 287, 391 P.2d 430.