417 P.2d 759

**Flora PAULL, Plaintiff and Appellant,**

**v.**

**ZIONS FIRST NATIONAL BANK, Pamela B. Snow, Phyllis R. Snow and Melva B. Snow, Administrators of the Estate of Burke M. Snow, deceased, Defendants and Respondents.**

No. 10412.

Supreme Court of Utah.

Aug. 25, 1966.

Nielsen, Conder & Hansen, W. Eugene Hansen, Salt Lake City, for appellant.

Ramon M. Child, Salt Lake City, for respondents.

CALLISTER, Justice.

Plaintiff brought suit against Dr. Burke M. Snow for alleged malpractice.[1] The jury returned a verdict of no cause of action and plaintiff appeals from a judgment entered thereon.

The facts are reviewed in the light most favorable to the prevailing party [2]— in this case, the defendants. Flora Paull, plaintiff, experienced pain and difficulty with her right shoulder. Commencing with

---

1. Dr. Snow was killed in an airplane accident after this suit was commenced and after his deposition had been taken. The administrators of his estate were substituted as defendants.

2. Gordon v. Provo City, 15 Utah 2d 287, 391 P.2d 430 (1964).

July 29, 1960, she consulted with Dr. Lenore Richards and Dr. Paul Keller. Both gave her medication, treatment and advocated certain exercises. Because their administrations appeared to have negative results, plaintiff was referred to Dr. Snow. She first saw him on August 12, 1960 for what was diagnosed as a chronic bursitis condition.

After treating plaintiff for a little over a month, Dr. Snow had her admitted to a hospital for purpose of "manipulation." While in the hospital, surgery was recommended and performed upon plaintiff's right shoulder.[3] The operation was performed while there was an infection present. This infection, while suspected prior to the surgery, was not confirmed until after the operation.

Plaintiff, at the time of trial, had an atrophy of the deltoid muscle, resulting in a loss of motion of her right arm.

While plaintiff presented evidence, and argues upon this appeal, to the effect that it was not prudent for a surgeon to perform such an operation when infection was present and without first having made tests to ascertain its presence, nevertheless, the record is devoid of any medical evidence linking plaintiff's present condition with this alleged lack of professional competence.

Plaintiff's own medical testimony was that her condition resulted from the severing of a nerve during the course of the operation which should not have been performed with an infection present. However, this testimony did not connect the infection with the severing of the nerve and plaintiff's present disability. Furthermore, this expert testimony was not to the effect that the severance of the nerve was medical negligence.

Assuming, without deciding, that the operation, because of the infection, did not comport with the standard of care ordinarily exercised by physicians doing the same type of work in this vicinity,[4] it was not proven to be the proximate cause of plaintiff's disability.

On the other hand, there was competent and believable medical testimony that the operation was performed with skill and care comparable to that required of like practitioners within this area.

Plaintiff complains of an instruction submitting to the jury the issue of contributory negligence. This instruction was proper inasmuch as there was testimony that plaintiff failed or refused to follow directions regarding exercise and therapy of her right arm—both before and after the operation.

We are not persuaded by arguments of plaintiff that Dr. Snow was guilty of negligence as a matter of law or that the

---

3. It is not clear from the record whether Dr. Snow or Dr. Hahn, a resident surgeon, performed the actual operation.

4. Marsh v. Pemberton, 10 Utah 2d 40, 347 P.2d 1108 (1959).

instructions to the jury were prejudicially erroneous. Nor are we persuaded that the lower court erred in inquiring of counsel whether or not it was objectionable for the jury to have Dr. Snow's deposition available or requiring them to further deliberate after an announcement that they were "deadlocked."[5]

Affirmed. Costs to defendants.

HENRIOD, C. J., and McDONOUGH and CROCKETT, JJ., concur.

WADE, J., heard the arguments, but died before the opinion was filed.

5. Unless an error, if committed, would have such an adverse effect upon the trial that there is a reasonable likelihood that a different result would have been reached, the verdict of the jury must be sustained. Brunson v. Strong, 17 Utah 2d 364, 412 P.2d 451, 1966.