438 P.2d 706

**H. Grant JOHNSON and Helen Johnson, his wife, Plaintiffs and Appellants,**

v.

**SALT LAKE COUNTY COTTONWOOD SANITARY DISTRICT, Defendant and Respondent.**

No. 11077.

Supreme Court of Utah.

March 15, 1968.

**390**

Dwight L. King, Salt Lake City, for plaintiffs and appellants.

Skeen, Worsley, Snow & Christensen, H. James Clegg, Salt Lake City, for defendant and respondent.

HENRIOD, Justice.

Appeal from the dismissal of an action alleging breach of contract by defendant in negligently allowing sewage to back up into plaintiff user's basement. Affirmed with no costs awarded.

The District was organized under Title 17-6-1, Utah Code Annotated 1953.

■ Plaintiffs urge that the District did not enjoy sovereign immunity from suit, and is liable for breach of its contract because of negligent operation of its facilities. The pleading sounds in ex contractu, supplemented as a reason for breach, the negligence of the District,—a tort action. In this connection, we refer the reader to the language of Trimming v. Howard, 52 Idaho 412, 16 P.2d 661 (1932), which language we approve in the particular case here, and dispositive of that aspect of this case.

■ As to the emphasis placed by plaintiffs on the fact that the District may "sue

or be sued" which plaintiffs urge would eliminate sovereign immunity, we believe and hold that such provision is procedural and quite divorced from the question of immunity,—which is the nub of this case.

■ Counsel for plaintiffs suggests that Cobia v. Roy City [1] may have been ill-advised, but nonetheless was departed from in Nestman v. South Davis Water Improvement District.[2] An examination of those cases indicates that they say about the same thing with respect to principles relating to "proprietary" and "governmental" functions related to the question of immunity although the results were different. In the former the facts involved sewage disposal, in the latter water distribution, the one involving a governmental function and the latter a proprietary one. This court consistently, since statehood, has noted the distinction. In water matters, we have said, generally involved proprietary characteristics,—in other matters which have been presented to this court, governmental attributes. Now we include sewage disposal in the latter category, at the time of the alleged damage, by virtue of the decision in this case, as having enjoyed sovereign immunity at that time,— March 15, 1966.[3]

1. 12 Utah 2d 375, 366 P.2d 986 (1961).
2. 16 Utah 2d 198, 398 P.2d 203 (1965).
3. We express no opinion as to applicability of the "Utah Governmental Immunity Act," L.1965, Ch. 139 (Title 63-30, U.C.A. 1953, as amended), to the situation here or any others, but call the Act to the reader's attention with respect to a change as to immunity. The act mentioned was effective July 1, 1966.

**391**

We refer to Cobia and Nestman, whose language and numerous authorities need no repetition here, with the conclusion that both those cases are reconcilable with the instant decision and for which both can be cited in support of this decision.

CROCKETT, C. J., and TUCKETT, CALLISTER and ELLETT, JJ., concur.