JAMES O. AGEE, Plaintiff-Appellant, *v.* KAHULUI TRUCKING & STORAGE, INC., a Hawaii corporation, dba KAUAI COMMERCIAL COMPANY, Defendant-Appellee

NO. 9146

(CIVIL NO. 2445)

SEPTEMBER 27, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

The trial jury in a personal injury suit, finding no negligence, returned a special verdict in favor of Defendant-Appellee Kahului Trucking & Storage, Inc., dba Kauai Commercial Company (KCC). Plaintiff-Appellant James O. Agee appeals. Agee contends that the trial court committed several errors but only two contentions need to be addressed in this appeal. Did the trial court err in denying Agee's requested instruction number 7[1] which applies the doctrine

---

[1] Agee's requested instruction number 7 reads:
   On the issue of negligence, one of the questions for you to decide in this case is whether the accident occurred under the following conditions:
      1. That it is the kind of accident which ordinarily does not occur in the absence of someone's negligence;

of res ipsa loquitur, and in granting KCC's instruction number 3[2] which is the "mere happening" instruction? We answer no and affirm.

I.

On April 1, 1980, Agee, in his pickup truck, was following a KCC truck with an attached tandem trailer unit on Kaumualii Highway (50) approximately one quarter mile Kalaheo-side of Puhi, Kauai, when a softball-size object allegedly flew off the trailer and shattered Agee's truck windshield. The shattered glass injured Agee's face and eyes.

Agee claimed that he found clumps of crystallized raw sugar on his truck and windshield wipers after the accident, and argued that the object that shattered his windshield was a softball-size lump of raw sugar.

Agee was the only eyewitness to the accident to testify at the trial. His testimony concerning the flying object was as follows:

Q. (By Mr. Playdon) Mr. Agee, your testimony is: As you were driving you saw this object come off the truck; is that right?

A. No. I did not testify it came off the truck. It came from the truck.

Q. You did not see it detach itself from the truth [sic]?

A. No, I did not.

Q. The only thing you saw was an object in the air behind the truck?

A. I would say it's over the truck.

---

2. That is [sic] was caused by an instrumentality in [the] exclusive control of the Defendant;

3. That the accident was not due to any voluntary action or contribution on the part of the Plaintiff.

In the event that you should find all three of these conditions to exist, you are permitted to infer that the Defendant was negligent.

[2] KCC's requested instruction number 3 reads:

The fact that an accident happened standing alone does not permit the jury to draw the inference that the accident was caused by someone's negligence.

Q. But it was in the air at the time you first saw it?
A. Yes.

Transcript of Proceedings held on September 1, 1982 at 278-79.

KCC offered evidence which tended to show that there had been no reported case of a lump of sugar breaking a windshield for 13-40 years prior to this accident. KCC argued that the object which shattered Agee's windshield was a rock from an unknown origin.

On jury instructions, the trial court refused Agee's requested instruction number 7 and granted KCC's requested instruction number 3.

## II.

Agee's requested instruction no. 7 sought to impose the doctrine of res ipsa loquitur on the question of negligence. Counsel for Agee argued that this instruction was "an appropriate statement of the law applicable to the law of this case." We disagree.

In order for the doctrine of res ipsa loquitur to become applicable to a case, there must be evidence of control and management of the thing causing the injury.

[W]henever a thing that produced an injury is shown to have been under the control and management of the defendant and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of the injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care.

*Ciacci v. Woolley*, 33 Haw. 247, 257 (1934).

Here, there is no evidence showing that the object which broke Agee's windshield was in the control and management of KCC. Agee's testimony bears this out. We find no error by the trial court in denying Agee's requested instruction number 7.

## III.

The last instruction given on negligence was KCC's instruction number 3, the "mere happening" instruction. Counsel argues that this instruction was prejudicial to Agee. We disagree.

Instructions by the trial court to the jury must be viewed in light of all the instructions as a whole, *Adair v. Hustace,* 64 Haw. 314, 640 P.2d 294 (1982), and of all the evidence upon which they operate. *Bertero v. National General Corp.,* 13 Cal. 3d 43, 529 P.2d 608, 118 Cal. Rptr. 184 (1974); *Beliak v. Plants,* 93 Ariz. 266, 379 P.2d 976 (1963); *Brown v. North American Manufacturing Co.,* 176 Mont. 98, 576 P.2d 711 (1978); *Texas Pipe Line Co. v. Cobb,* 365 P.2d 1010 (Okla. 1961); *LeBouthillier v. Shurtleff and Andrews, Inc.,* 18 Utah 2d 178, 417 P.2d 756 (1966). "The question on review of instructions is not whether they were technically correct but whether appellant could have suffered prejudice on their account." *In re Estate of Lorenzo,* 61 Haw. 236, 244, 602 P.2d 521, 528 (1979). " [I]t is prejudicial error for the court to refuse to give an instruction relevant under the evidence which correctly states the law unless the point is adequately and fully covered by other instructions given by the court." *Sherry v. Asing,* 56 Haw. 135, 144, 531 P.2d 648, 655 (1975) (citations omitted). Furthermore, " [e]rroneous instructions are presumptively harmful and are a ground for reversal unless it affirmatively appears from the record as a whole that the error was not prejudicial." *Turner v. Willis,* 59 Haw. 319, 326, 582 P.2d 710, 715 (1978) (citations omitted).

The trial court fully instructed the jury on the issues of negligence, proximate cause, and burden of proof. In reviewing the totality of the instructions to the jury, we are satisfied that instruction number 3 was not prejudicial to Agee. We find that the verdict of the jury is amply supported by the evidence.

## IV.

We hold that Agee's other contentions are without merit.
Affirmed.

*David C. Schutter (Earl I. Anzai* and *Alfredo G. Evangelista* with him on the briefs; *Schutter, Pavey* and *Cayetano,* of counsel) for plaintiff-appellant.

*Walter Davis (George W. Playdon, Jr.* and *Ashley K. Fenton* with him on the brief; *Davis, Playdon, Reid & Richards,* of counsel) for defendant-appellee.